# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CARL VON BRADLEY,

    Plaintiff,

v.

MGM RESORTS,

    Defendant.

Case No. 2:19-cv-00922-JAD-BNW

**ORDER**

Nevada state-prison inmate Carl Von Bradley submitted initiating documents to the court on May 30, 2019, which included an application to proceed *in forma pauperis* (IFP) and a civil rights complaint under 42 U.S.C. § 1983. (ECF Nos. 1, 1-1.) The IFP application was incomplete, and accordingly, the court denied the application without prejudice. (ECF No. 4.) The court directed Bradley to complete an IFP application or pay the filing fee by December 2, 2019. (*Id.*) On December 5, 2019, the docket did not reflect that Bradley paid the filing fee or filed a complete IFP application. As such, this court issued a Report and Recommendation that his case be dismissed without prejudice. (ECF No. 5.) Five days later, Bradley filed a motion for reconsideration. (ECF No. 6.) Bradley argued that he attempted to pay the filing fee before the deadline, but due to issues inside the prison where he is incarcerated, was unable to get payment to the court. (*Id.*) In light of this new information, the court vacated its Report and Recommendation and gave Bradley a new deadline to file a complete IFP application or pay the filing fee. (ECF No. 7.) The same day that this order was filed, Bradley filed an objection to the vacated Report and Recommendation, stating that he paid the filing fee. (ECF No. 8.)

It has come to the attention of the court that Bradley's filing fee was received in a somewhat unusual manner. This caused the docket to not reflect that he had paid the filing fee. However, the court is now aware that Bradley has, in fact, paid the filing fee.

1    Accordingly, Bradley's case will proceed on a non-IFP basis. Because he is not suing a
2    government entity, his complaint will not be screened. *See* 28 U.S.C. § 1915A. The clerk of court
3    will be directed to detach his complaint and file it as a separate docket entry (ECF No. 1-1).

     As a litigant proceeding without *in forma pauperis* status, Bradley will be responsible for
serving his complaint on the defendant. *See Heredia v. Lawrence*, No., 2019 WL 1330316, at *1
(S.D. Cal. Mar. 25, 2019) ("Although Plaintiff was proceeding pro se, he was not proceeding *in
forma pauperis* ('IFP') and therefore could not, under normal circumstances, take advantage of
service by the U.S. Marshals Service ('USMS')."). Service of process is governed by Rule 4 of
the Federal Rules of Civil Procedure and Local Rules 4-1 and 5-1. Bradley is advised to review
these rules and serve defendant MGM Resorts accordingly.

     Finally, because Bradley's case is proceeding and will not be dismissed for failure to pay
the filing fee or file a complete IFP application, the court will take no further action on Bradley's
Objection to ECF No. 5 Report and Recommendation. (ECF No. 8.)

     IT IS THEREFORE ORDERED that clerk of court must detach and file Bradley's
complaint (ECF No. 1-1).

DATED: January 8, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE